# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SHAMIKA LASHON COOK, et al.,

    Plaintiffs,

vs.                                      CASE NO. CV-06-J-491-S

SHELBY COUNTY, ALABAMA,
et al.,

    Defendants.

## **MEMORANDUM OPINION and ORDER**

Pending before the court are the motion to dismiss of Shelby County, Alabama (doc. 6), a brief in support of motion to dismiss of Shelby County, Alabama (doc. 7), the motion to dismiss of Shelby County Sheriff Chris Curry (doc. 8), a brief in support of motion to dismiss of Shelby County Sheriff Chris Curry (doc. 9), the motion to dismiss of Deputy Joshua Adam Forrest (doc. 10), a brief in support of motion to dismiss of Shelby County Deputy Sheriff Joshua Forrest (doc. 11), the motion for partial summary judgment by the defendants (doc. 13) and a brief and evidentiary submission in support of motion for partial summary judgment (docs. 14 and 15).  On April 3, 2006, the court entered a Submission Order which allowed the plaintiffs until April 25, 2006 to respond to the above pending motions (doc. 16).  To date, the court has received no response from the plaintiffs.

1

Having considered the foregoing, the court finds as follows:

The plaintiffs filed this suit alleging state law claims arising from a car wreck between the car operated by plaintiff Shamika Cook and the patrol vehicle operated by defendant Shelby County Deputy Sheriff Joshua Forrest.[1]  Complaint, ¶¶ 13-14. The complaint alleges that defendant Deputy Forrest verbally abused the plaintiffs and "caused plaintiff to suffer emotional distress"  Complaint, ¶ 19.  Further, such abuse and harassment was done with "deliberate disregard for the rights of plaintiff" and were motivated by racial animus.[2]  Complaint, ¶ 21.  No allegation of the race of either the plaintiffs or the defendants appears in the complaint.  No allegation of whether the alleged verbal abuse and harassment was in any way tied to the alleged collision appears in the complaint.

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).  A motion to dismiss is granted "only when the

---

[1] Although the plaintiffs state this action is to "redress the deprivation of rights secured to them" by various Constitutional amendments, the plaintiffs have brought their Counts in the Complaint for assault and intention of emotional distress (Counts I and II, brought solely against defendant Deputy Forrest) and respondeat superior liability (Count III, against defendants Shelby County and Sheriff Chris Curry).

[2] The court cannot determine from the pleadings which of the plaintiffs suffered said emotional distress or had her rights disregarded.

movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Simmons*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom"). With these standards in mind, the court considers each of the plaintiffs' claims.

A sheriff cannot be held liable on a theory of respondeat superior, rather the plaintiffs must establish that the Sheriff himself was deliberately indifferent to the rights of the plaintiffs. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115 (11th Cir.2005); *Hardin v. Hayes,* 957 F.2d 845, 849 (11th Cir.1992). The plaintiffs having failed to allege any such deliberate indifference by defendant Sheriff Curry, the court is of the opinion that defendant Curry's motion to dismiss the claims against him is due to be granted.

Sheriffs and their deputies are state officials under Alabama law. *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir.1995). As such, deputies may not be sued in their official capacities unless the state waived or Congress abrogated its Eleventh Amendment immunity. *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1429

(11th Cir.1997).  Neither of these prerequisites to suit has occurred.  *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1525 (11th Cir.1990).  Additionally, to state a claim under 42 U.S.C. § 1983, the plaintiffs must allege both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).  In their complaint, the plaintiffs have failed to allege the deprivation of any specific federal right and therefore cannot prevail on a claim seeking vindication of such rights.  In other words, the court finds no federal claim properly before it.

The plaintiffs specifically bring only the state law claims of assault and intentional infliction of emotional distress against defendant Deputy Forrest.  These claims are due to be dismissed as he is protected by sovereign immunity.  This is true for both official capacity and individual capacity claims under state law.  "Alabama grants sovereign immunity to its state executive officers pursuant to Article I, Section 14 of the Alabama Constitution of 1901.  Section 14 states that "the State of Alabama shall never be made a defendant in any court of law or equity."  "Under Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under Section 14."  *Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir.1996). "Under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity." *Lancaster v. Monroe*

*County, Ala*. 116 F.3d 1419, 1430 (11th Cir.1997); *McMillian v. Johnson,* 101 F.3d 1363, 1365 (11th Cir.1996) *cert. denied.*

Therefore, the court is of the opinion that defendant Deputy Forrest's motion to dismiss (doc. 10) is due to be granted.  As Alabama law makes clear that deputy sheriffs are state officials and not county employees, the court shall also grant defendant Shelby County's motion to dismiss as it cannot have respondeat superior liability for the actions of a non-employee (doc. 6).

Having considered the foregoing, and being of the opinion that defendants' motions to dismiss are each due to be granted;

It is therefore **ORDERED** by the court that defendants' motions to dismiss (docs. 6, 8 and 10) be and hereby are **GRANTED**.  The plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this the 8th day of May 2006.

*[signature: Inge Prytz Johnson]*

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE